**Jose Luis ORONA–DUENEZ; et al., Petitioners,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

No. 03–70109.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.\*\*

Decided April 11, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Frank H. Kim, Esq., San Francisco, CA, for Petitioners.

Regional Counsel, Western Region, Laguna Niguel, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Jeffrey J. Bernstein, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

## MEMORANDUM ***

Jose Luis Orona–Duenez, his wife, Santa Zamora Orona, and their son, natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals, affirming an immigration judge's denial of their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence and reverse only if the evidence compels the opposite conclusion. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000). We deny the petition for review.

■ The record does not compel the conclusion that Orona–Duenez established past persecution when the Mexican police beat him on one occasion and he did not seek professional medical treatment. *See Prasad v. INS,* 47 F.3d 336, 339-40 (9th Cir.1995) (holding no past persecution where petitioner was forced from a car at gunpoint, detained, interrogated, beaten, and required no medical attention).

■ Substantial evidence supports the agency's conclusion that Orona–Duenez did not establish a well-founded fear of future persecution because fifteen years had elapsed since petitioners departed Mexico and the record does not compel the conclusion that the Mexican police would continue to be interested in them. *See id.* at 339. Moreover, substantial evidence supports the agency's determination that Partido Accion Nacional's electoral success, and Partido Revolucionario Institucional's ("PRI") widespread electoral losses, undercut petitioners' fear of persecution by the Mexican police, who they contend were controlled for decades by the PRI. *See*

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Marcu v. INS,* 147 F.3d 1078, 1081–82 (9th Cir.1998).

By failing to qualify for asylum, petitioners necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Petitioners' remaining contentions are unpersuasive.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 749–50 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc,* as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.

Affirmed.